IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CION PERALTA, | No. CIV S-08-1809-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| R.P. GALLOWAY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names three defendants, all of whom are prison doctors:  R.P. Galloway, Brett Williams, and Christopher Smith.  Plaintiff claims:

> 8th amend. violation – deliberate indifferent.  The chief surgeon – my treating surgeon – and the chief medical officer ordered an MRI for me due to chronic pain & suffering.  Upon speaking to Dr. Galloway at this prison, I was denied my necessary and ordered medical care.

Plaintiff incorporates by references his inmate appeals and responses thereto, which are attached to the complaint.  Plaintiff seeks money damages and injunctive relief.

In the Director's Level appeal response, attached to the complaint, plaintiff's inmate grievance is summarized as follows:

> It is the appellant's position he was examined by Dr. Galloway on March 17, 2006, and claims he now knows why there is a class action lawsuit against CDC.  The appellant claims Dr. Galloway informed him that "upper management" directed him to deny his needed low bunk/lower tier status and if that was not the case, why was he being shown deliberate indifference.  The appellant is requesting health care staff to stop denying him adequate health care and to re-assign him to lower bunk/lower tier status; and, to prescribe a magnetic resonance imaging (MRI) study.

/ / /

/ / /

/ / /

Plaintiff grievance was denied based on the following findings, set forth in the Director's Level decision:

> Although the appellant may disagree, he is receiving appropriate health care intervention involving his degenerative changes in his spine. After a physical examination and review of previous diagnostic studies, Dr. Galloway diagnosed the appellant with degenerative disc changes, also knows as degenerative disc disease, a common occurrence associated with the aging process. Dr. Galloway determined lower tier/lower bunk status was not medically indicated; however, naproxen and a muscle relaxant were prescribed. After review, it is determined the appellant has received the appropriate health care treatment making intervention at the Director's Level of Review unnecessary.

A review of plaintiff's underlying inmate grievance sheds additional light. Specifically, it shows that plaintiff claimed that five other doctors had determined that a lower tier/bunk assignment was necessary. Plaintiff does not state that any doctor ordered an MRI.

## II. DISCUSSION

Based on the complaint and documents attached thereto, it appears that the real issue in this case is whether defendants denied plaintiff a medically necessary lower tier/bunk assignment in contravention of other doctors' orders. If this is the issue plaintiff intends to raise, the court finds that he has stated a claim against defendant Galloway, the only defendant mentioned by name in the complaint or attached documents.

As to defendants Williams and Smith, however, plaintiff fails to show how they participated in the denial of a lower tier/bunk assignment. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state a cognizable claim against defendant Galloway, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

1         Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended
2 complaint within 30 days of the date of service of this order.

3

4

 DATED: September 15, 2008

5

                                                 _____
6                                                **CRAIG M. KELLISON**
                                               UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26