1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

CION PERALTA,                              No. CIV S-08-1809-CMK-P

       Plaintiff,

    vs.                                   ORDER

R.P. GALLOWAY, et al.,

       Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 9).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names three defendants, all of whom are prison doctors:  R.P. Galloway, Brett Williams, and Christopher Smith.  Plaintiff claims that defendants acted with deliberate indifference by denying his request for a lower bunk/tier housing assignment due to chronic pain.

Documents attached to the amended complaint, to which plaintiff refers, reveals how the three named defendants were involved in this case.

In the Director's Level appeal response, attached to the complaint, plaintiff's inmate grievance is summarized as follows:

> It is the appellant's position he was examined by Dr. Galloway on March 17, 2006, and claims he now knows why there is a class action lawsuit against CDC.  The appellant claims Dr. Galloway informed him that "upper management" directed him to deny his needed low bunk/lower tier status and if that was not the case, why was he being shown deliberate indifference.  The appellant is requesting health care staff to stop denying him adequate health care and to re-assign him to lower bunk/lower tier status; and, to prescribe a magnetic resonance imaging (MRI) study.

Plaintiff grievance was denied based on the following findings, set forth in the Director's Level decision:

> Although the appellant may disagree, he is receiving appropriate health care intervention involving his degenerative changes in his spine. After a physical examination and review of previous diagnostic studies, Dr. Galloway diagnosed the appellant with degenerative disc changes, also knows as degenerative disc disease, a common occurrence associated with the aging process.  Dr. Galloway determined lower tier/lower bunk status was not medically indicated; however, naproxen and a muscle relaxant

2

1
2
were prescribed.  After review, it is determined the appellant has received
the appropriate health care treatment making intervention at the Director's
Level of Review unnecessary.

3  A review of plaintiff's underlying inmate grievance sheds additional light.  Specifically, it shows

4  that plaintiff claimed that five other doctors had determined that a lower tier/bunk assignment

5  was necessary.  Plaintiff does not state that any doctor ordered an MRI.

6          The first and second level responses to plaintiff's inmate grievance reveals the

7  involvement of defendants Smith and Williams – defendant Smith wrote the first level response

8  and defendant Williams wrote the second level response.  They both denied plaintiff's grievance

9  because, as defendant Smith stated in the first level response, "objective examination does not

10  reveal findings which would prevent you from getting up on a[n] upper bunk or a[n] upper tier."

11  Defendant Williams concurred:  "[T]here is no medical indication for a lower bunk/tier chrono."

12

13                              **II.  DISCUSSION**

14          Based on the amended complaint and documents attached thereto, it is clear that

15  the basis for plaintiff's claim is his assertion that defendants denied him a medically necessary

16  lower tier/bunk assignment in contravention of other doctors' orders.   The treatment a prisoner

17  receives in prison and the conditions under which the prisoner is confined are subject to scrutiny

18  under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v.

19  McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth

20  Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards,

21  humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of

22  confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347

23  (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter,

24  sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th

25  Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are

26  met: (1) objectively, the official's act or omission must be so serious such that it results in the

1    denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison

2    official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See

3    Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a

4    "sufficiently culpable mind."  See id.

5          Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

6    injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

7    105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

8    health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

9    sufficiently serious if the failure to treat a prisoner's condition could result in further significant

10   injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

11   1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

12   Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

13   is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

14   activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

15   Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

16          The requirement of deliberate indifference is less stringent in medical needs cases

17   than in other Eighth Amendment contexts because the responsibility to provide inmates with

18   medical care does not generally conflict with competing penological concerns.  See McGuckin,

19   974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

20   decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

21   1989).  The complete denial of medical attention may constitute deliberate indifference.  See

22   Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

23   treatment, or interference with medical treatment, may also constitute deliberate indifference.

24   See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

25   demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

26          Negligence in diagnosing or treating a medical condition does not, however, give

4

rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

In this case, assuming that plaintiff's chronic pain is a sufficiently serious medical condition, the defendants each concluded that the objective medical evidence does not demonstrate the need for a lower bunk/tier assignment.  Thus, plaintiff's complaint is based on difference of opinion and not on deliberate indifference.  In fact, the complaint establishes that plaintiff's request for a special bunk assignment was considered, studied, and rejected. Therefore, it cannot be said that defendants were in any way indifferent.  Plaintiff merely disagrees with their conclusion.  Plaintiff cannot state a claim for relief against any defendant.[1]

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed with prejudice.

IT IS SO ORDERED.


DATED:  October 28, 2008

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

---

[1]     The court's statement in the September 16, 2008, order that plaintiff had stated a claim against defendant Galloway overlooked plaintiff's allegation, as revealed by the first level response, that defendant Galloway's decision was based on a review of the objective medical evidence.