IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CION PERALTA, | No. CIV S-08-1809-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| R.P. GALLOWAY, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction and no defendants have been served.

      Pending before the court is plaintiff's response to the court's October 29, 2008, order to show cause why this action should not be dismissed for failure to state a claim. Plaintiff's factual allegations were set forth in the court's order to show cause and will not be repeated here. Plaintiff alleges for the first time in his response that prison doctors ordered an MRI which was never provided and that defendants denied him a lower tier/bunk assignment based on lack of objective evidence. He does not state, however, that the three defendants named in this action were the prison doctors who ordered the MRI. In fact, based on the new allegations

1

asserted in plaintiff's response, it is clear that defendants did not order the MRI.  While plaintiff may have claims based on prison officials' failure to provide an MRI, such claims do not lie against the three defendants named in this action.  As to the three named defendants, plaintiff alleges that they denied his requests for a lower tier/bunk assignment and documents attached to the complaint reveal that they did so based on their review of the available medical evidence.  There is no link between the unavailability of an MRI and the three named defendants.

Because it is clear that plaintiff's claim against the three defendants named in this action are based on a difference of opinion based on the available medical evidence, plaintiff cannot state a claim under 42 U.S.C. § 1983 against these defendants.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  It is also clear that this defect cannot be cured through amendment.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed with prejudice; and

2. The Clerk of the Court is directed to enter judgment of dismissal and close this file.

DATED:  December 24, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE